UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM DILLHUNT,

                              Plaintiff,

                                                                    9:07-CV-0412
v.                                                                   (GTS/DEP)

SGT. THERIAULT, Gouverneur Correctional
Facility; NANCY MARTIN, Gouverneur
Correctional Facility; SUPERINTENDENT,[1]
Gouverneur Correctional Facility; and
SGT. PERRY, Gouverneur Correctional
Facility,

                              Defendants.
_____

APPEARANCES:                              OF COUNSEL:

WILLIAM DILLHUNT
   Plaintiff, *Pro Se*
112-24 201th Street
St. Albans, New York  11412

HON. ANDREW M. CUOMO                      JAMES SEAMAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

        Currently before the Court in this *pro se* prisoner civil rights action, filed by William

Dillhunt, ("Plaintiff") against four employees of the New York State Department of Correctional

Services at Gouverneur Correctional Facility ("Defendants"), are (1) Defendants' motion for

_____

        [1]        The Superintendent has been identified as Justin A. Taylor.  (*See* Dkt. No. 51 at
10 [Report-Recommendation].)

summary judgment (Dkt. No. 41), (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in its entirety (Dkt. No. 51), and (3) Plaintiff's Objection to the Report-Recommendation.  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion is granted in its entirety, and Plaintiff's Amended Complaint is dismissed with prejudice in its entirety.

## I.      RELEVANT BACKGROUND

On May 23, 2007, Plaintiff filed his Amended Complaint in this action.  (Dkt. No. 6.) Generally, liberally construed, Plaintiff's Amended Complaint asserts the following claims: (1) a First Amendment claim for retaliation arising from adverse action (allegedly) taken against him in response to his having filed a grievance; (2) a Fourth Amendment claim for the interception and monitoring of his mail; (3) a Fourteenth Amendment claim for the violation of his due process rights during a disciplinary hearing; (4) an Eighth Amendment claim for harassment; (5) a conspiracy claim; and (6) a state law claim for violation of a Department of Correctional Services ("DOCS") Directive.  (*Id*.)

More specifically, Plaintiff alleges that (1) Defendant Perry retaliated against him for filing a grievance against another corrections officer, (2) Defendants unlawfully opened his mail and  engaged in a campaign of harassment and conspiracy to coverup this violation, and (3) Defendant Martin violated his due process rights during the disciplinary hearing by relying on evidence unlawfully obtained through the seizure of his mail.  (*Id*.)

On September 12, 2008, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims.  (Dkt. No. 41.)  In their motion, Defendants argue as

follows: (1) Plaintiff has failed to establish a claim as to the unlawful mail search; (2) Plaintiff has failed to establish a retaliation claim; (3) Plaintiff's harassment claim is frivolous; (4) Plaintiff has failed to establish a malicious prosecution claim; (5) Plaintiff has failed to establish a due process claim; (6) Plaintiff has failed to establish a conspiracy claim; and (7) Defendants are entitled to qualified immunity.  (*Id.*)

On December 4, 2008, after being granted an extension of time in which to do so, Plaintiff  filed a response in opposition to Defendants' motion.  (Dkt. No. 45.)  In his response, Plaintiff argues that Defendants' motion should be denied because Plaintiff's due process rights were violated during the disciplinary hearing.  More specifically, Plaintiff argues there was no mail watch authorization in place when his mail was seized, and therefore, the evidence used in the disciplinary hearing against him was unlawfully obtained.[2]  (*Id.*)

On December 11, 2008, Defendants submitted a reply to Plaintiff's response, discussing Plaintiff's claim that he requested proof of a mail watch authorization through several Freedom of Information Law ("FOIL") requests.  (Dkt. No. 46.)  Defendants argue that (1) Plaintiff's FOIL requests are not material to his federal constitutional claims because the FOIL requests only apply to state law causes of action, and (2) such state law causes of action were not raised by Plaintiff in his Amended Complaint.  (*Id.* at Point I, ¶ 2.)

On August 31, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted in its entirety and that the action be

---

[2]       Plaintiff was charged with soliciting services from another inmate (Disciplinary Rule 103.20), lying (Disciplinary Rule 107.20), and possessing or exchanging a document containing crime and sentence information (Disciplinary Rule 113.27).  (*See* Dkt. No. 51 at 6-9.) Plaintiff was found guilty of the first two charges and received 90 days confinement in SHU. (*Id.*)

dismissed.  (Dkt. No. 51.)  Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order.

On September 11, 2009, Plaintiff submitted a letter request for an extension of the deadline by which to file Objections to the Report-Recommendation, and was granted that extension (until November 11, 2009).  (Dkt. No. 53.)  On November 7, 2009, Plaintiff signed, and presumably mailed to the Court, his Objections to the Report-Recommendation.  (Dkt. No. 54, at 2.)  As a result, despite the fact that the Court did not receive those Objections until November 20, 2009, the Objections are deemed timely filed pursuant to the so-called "Prison Mailbox Rule."

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]  When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir.

---

[3]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

4

1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the

Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-

2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.

R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After

conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.**     **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Peebles correctly recited the legal standard governing a motion for

summary judgment, including a brief discussion on the adequacy of Plaintiff's response to

Defendants' Statement of Material Facts pursuant to Local Rule 7.1(a)(3).  (*See* Dkt. No. 51,

pages 12 - 16.)  As a result, that standard is incorporated by reference herein.

## III.    ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's

Objections fail to assert any specific challenge to Magistrate Judge Peebles' recommendations

regarding any of Plaintiff's claims.  Instead, Plaintiff's two-page Objections (1) rehash the facts

giving rise to his claims, (2) reiterate why Defendants are liable under these facts, and (3) imply,

for the first time, that the Court lacks subject matter jurisdiction over some or all of his claims.

After carefully reviewing all of the papers herein, the Court can find no clear error in Magistrate

Judge Peebles' Report-Recommendation.  Magistrate Judge Peebles employed the proper

standards, accurately recited the facts, and reasonably applied the law to those facts.  The Court

---

[4]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.
12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the
constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be
adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),
*aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

notes that Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even *de novo* review.  For these reasons, the Court adopts Magistrate Judge Peebles' Report-Recommendation in its entirety, for the reasons stated therein.

The Court will only add three points with regard to Plaintiff's late-blossoming subject-matter jurisdiction argument.  First, the Court has subject-matter jurisdiction over all of the claims asserted in Plaintiff's Amended Complaint–original jurisdiction over those claims arising under federal law, and supplemental jurisdiction over any claim arising under state law that is pendent to Plaintiff's federal claims.[5]

Second, the only "state law" claim that the Court can liberally construe in Plaintiff's Amended Complaint is (possibly) a claim for a violation of DOCS Directive No. 4422, which provides, in pertinent part, "Outgoing correspondence shall not be opened, inspected, or read without express written authorization from the facility Superintendent."  (*See* Dkt. No. 6, ¶¶ 36, 52 & Ex. 1.)

Third, to the extent that Plaintiff seeks to have his state law claim dismissed *without prejudice* to refiling in state court, the Court grants that request as consistent with Magistrate

---

[5]      Mor specifically, the Court finds that it has supplemental jurisdiction over any state-law claim asserted in Plaintiff's Amended Complaint, because (1) that state-law claim arises from the same controversy as does Plaintiff's First and Fourteenth Amendment claims, over which this Court has original jurisdiction, and (2) Plaintiff consented to the Court's jurisdiction over all of his claims when he asserted them in his Amended Complaint.  *Turley v. Britton*, 03-CV-1425, 2007 WL 625983, at *5 (N.D.N.Y. Feb. 24, 2007) (Scullin, J.) ("The gravamen of Plaintiff's first cause of action is that, irrespective of whether Defendants violated his First Amendment rights, as he alleges in his second cause of action, they violated DOCS' Directive 4421 by refusing to consider his outgoing correspondence to the DMV as privileged and, thus, affording it the weekly free postage allowance.  This claim is clearly based upon state-law and arises from the same controversy as his second cause of action, over which this Court has original jurisdiction; therefore, the Court may exercise supplemental jurisdiction over this claim.").

6

Judge Peebles' Report-Recommendation.[6]  *See Britton*, 2007 WL 625983, at *5 ("Nonetheless,

because the Court has granted Defendants' motion for summary judgment with respect to

Plaintiff's constitutional claim[s], it declines to exercise its jurisdiction over this state-law

claim.").  Pursuant to 28 U.S.C. § 1367(d), Plaintiff will have thirty days from the date of this

Decision and Order in which to file a claim in state court alleging that Defendants violated

DOCS Directive No. 4422.

　　　　**ACCORDINGLY**, it is

　　　　**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 51) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

　　　　**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 41) is

**GRANTED** in its entirety; and it is further

　　　　**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED** *with*

*prejudice*, except for his claim alleging that Defendants violated DOCS' Directive No. 4422,

which is dismissed *without prejudice*; and it is further

　　　　**ORDERED** that, pursuant to 28 U.S.C. § 1367(d), Plaintiff shall have **THIRTY (30)**

**DAYS** from the date of this Decision and Order in which to file a claim in State Court alleging

that Defendants violated DOCS' Directive No. 4422.

Dated: December 15, 2009
　　　　Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

　　　　[6]　　　　As Magistrate Judge Peebles stated in his Report-Recommendation, "[t]o the extent that [P]laintiff attempts to state a claim under 42 U.S.C. § 1983 for the alleged violation of [a DOCS] directive, such a claim fails as a matter of law."  (Dkt. No. 51, at 22.)